IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Burudi Faison, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 4:23-cv-04623-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Williamsburg FCI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Burudi Faison ("Petitioner"), proceeding *pro se* and *in forma pauperis* (ECF No. 7), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Respondent filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 16). The court subsequently issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the dismissal/summary judgment procedures and the possible consequences if he failed to adequately respond to the motion. (ECF No. 17). Petitioner timely filed a response to the motion. (ECF No. 19). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion and dismiss the case. (ECF No. 22). The magistrate judge advised Petitioner of his right to file objections to the Report. (ECF No. 22-1). The Report was mailed to Petitioner at his last known address, (ECF No. 23), but it was returned to the court as undeliverable (ECF No. 24). The Federal Bureau of Prisons' website provides Petitioner was released on February 1, 2024.[1] Though Petitioner had been ordered to inform the Clerk of Court of any address

---

[1] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 31, 2024).

changes and had been advised that failure to do so may result in his case being dismissed, (ECF Nos. 6, 12), Petitioner has failed to provide the court with an updated address in the nearly four months since his release.  Petitioner has also failed to file any objections to the Report, and the deadline to do so has now run.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'"  *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections

to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 22), and incorporates it herein. Thus, the motion to dismiss or, in the alternative, for summary judgment (ECF No. 16) is **GRANTED** and this case is **DISMISSED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

Anderson, South Carolina
May 31, 2024